UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                               Case No.: 8:09-cr-293-T-33TGW

GWENDOLYN JOE
_____/

## **PRELIMINARY ORDER OF FORFEITURE**

Before the Court is the United States' Motion for Entry of a Preliminary Order of Forfeiture, which, at sentencing, will be a final order as to Defendant, Gwendolyn Joe's, right, title and interest in the following property:

    a.     One Recky Derringer, .22 caliber, Serial Number 9706; and

    b.     Two (2) rounds of Federal .22 caliber ammunition.

Being fully advised in the premises, the Court finds as follows:

Because the United States has established the requisite *nexus* between the defendant's offense of conviction, in violation of 18 U.S.C. §§ 922(g) and 924(e), as charged in Count One of the Indictment, and the property identified above, the government is now entitled to possession of these assets, pursuant to the provisions of 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b)(2). Accordingly, it is hereby

**ORDERED**, **ADJUDGED** and **DECREED** that:

    1.     The Motion of the United States is hereby GRANTED.

    2.     Pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b)(2), all right, title, and interest of defendant

Gwendolyn Joe in the firearm and ammunition, more particularly described above, are hereby **CONDEMNED** and **FORFEITED** to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853 [incorporated by 28 U.S.C. § 2461(c)].

3. Following entry of this order, pursuant to 21 U.S.C. § 853(n) and Rule 32.2(b)(6)(A), the government will provide notice to all third parties who reasonably appear to be potential claimants and will publish notice on the internet at [www.forfeiture.gov](www.forfeiture.gov), in accordance with Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure.

4. Any person, other than the Defendant, who has or claims any right, title, or interest in the above-described assets must file a petition with the Court for a hearing to adjudicate the validity of his or her alleged interest in the forfeited asset. The petition should be mailed to the Clerk of the United States District Court, Tampa Division, 801 North Florida Avenue, Tampa, Florida 33602, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. The petition must be signed by the petitioner under penalty of perjury, and must set forth the nature and extent of the petitioner's right, title, or interest in the forfeited asset, any additional facts surrounding the petitioner's claim, and the relief sought.

6. Pursuant to Rule 32.2(c), if a third party files a petition claiming an interest in the computer equipment, the Court will conduct an ancillary proceeding to determine the validity of the petitioner's alleged interest in the forfeited asset. Fed. R.

Crim. P. 32.2(c)(1).

7. Upon adjudication of all third-party interests in the above-described assets, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd day of December 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE