UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GWENDOLYN A. JOE,

v.  Case No. 8:09-cr-293-T-33TGW
     8:11-cv-06-T-33TGW

UNITED STATES OF AMERICA.
_____

O R D E R

This cause is before the Court on Defendant Gwendolyn Joe's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (hereinafter "motion" or "motion to vacate"). Doc. CV-1; CR-38. The Government filed a response to the motion. Doc. CV-3. Although invited to do so, Joe did not file a reply to the response. A review of the record demonstrates that, for the following reasons, the motion to vacate must be **denied**.

**BACKGROUND**

In 2009, a federal grand jury charged Joe with possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g) and 924(e) (Count One). Doc. CR-1. On October 14, 2009, Joe entered a plea of guilty to Count One of the Indictment without the benefit of a plea agreement. Doc. CR-10. In the Notice of Maximum Penalty and Elements of Offense which the Government filed and which Joe did not contest at the time she entered her guilty plea, the Government discussed ten prior felony convictions, including four convictions for aggravated assault, and at least one conviction for failure to appear in connection with one of the aggravated assaults. Doc. CR-16. At her change-of-plea hearing, Joe did not contest any of the convictions. Doc. CR-41 at 12-13.

Joe's Presentence Investigation Report ("PSR") indicated that Joe qualified as an armed career criminal under the "Armed Career Criminal Act" (hereinafter "ACCA") because she had at least three prior convictions for violent felonies or serious drug offenses. PSR ¶ 27. Those prior convictions included four convictions for aggravated assault in case numbers CRC78-00043CFANO (1978, Pinellas County); CRC 82-05280CFANO (1982, Pinellas County); CRC 88-14007CFANO (1988, Pinellas County); and CRC97-22069CFANO (1997, Pinellas County). PSR ¶¶ 32, 34, 37, and 42.

Because the Court found Joe to be an armed career criminal, she faced a statutory minimum term of 15 years incarceration. PSR ¶ 93. Joe's advisory sentencing guidelines range was 180-210 months, based upon a total offense level of 30 and a criminal history category VI. PSR ¶ 94. At sentencing, there were no objections by Joe to either the factual accuracy of the PSR or to the application of the guidelines in the PSR. The Court adopted the factual statements and guideline applications. Doc. CR-39 at 3-4. After considering the various sentencing factors under 18 U.S.C. § 3553(a), this Court sentenced Joe to 180 months incarceration. Doc. CR-39 at 16-17, Docs. CR- 25-26. Joe did not appeal that sentence.

On January 3, 2011, Joe filed this timely Section 2255 motion raising one ground for relief. Joe alleges that "The defendant's prior 'Violent Felonies' do not meet the definition of such; ineffective assistance of counsel." In support of her claims, Joe alleges, "This defendant's prior convictions for 'Violent Felony' were not violent at all.  No weapons were ever recovered, nor were there any 'victim(s)' injured.  All arrests were made based on 1 person victim complaint.  The defendant pleaded to the charges because it was in her best interest to do so at the time."

2

**Cognizability**

Joe's claim that her counsel was ineffective is cognizable under 28 U.S.C. § 2255. *See, e.g., Lynn v. United States*, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004). Her claim is related to the argument that she should not be considered an armed career criminal. Joe, however, has at least three qualifying predicate convictions and this Court properly sentenced her as an armed career criminal.

**DISCUSSION**

**Armed Career Criminal**

Under the Armed Career Criminal Act, a defendant convicted of violating 18 U.S.C. § 922(g) is sentenced as an armed career criminal if she "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Joe had the requisite three qualifying predicate convictions at the time of her sentencing. They consisted of four state court convictions for aggravated assault.

**The Violent Felonies**

Joe's four prior convictions for aggravated assault, in violation of Florida Statute Section 784.021 (see cases listed above) qualify as violent felonies under the ACCA. A "violent felony" is a crime punishable by imprisonment for a term in excess of one year that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [the 'elements clause']; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another [the 'residual clause']." 18 U.S.C. § 924(e)(2)(B). Under the residual clause, the offense must be "roughly similar, in kind as well as in degree of risk

posed, to the examples" of offenses given, "typically involv[ing] purposeful, violent, and aggressive conduct." *Begay v. United States*, 553 U.S. 137, 142-43 (2008).

To determine whether a prior crime is a violent felony, a district court must "begin with a categorical approach" that looks at the pertinent statute to determine how the crime ordinarily is committed. *United States v. Harris*, 586 F.3d 1283, 1288 (11th Cir. 2009). If the statute allows the crime's commission in alternative ways, the court may consider any charging document and any comparable judicial document to determine the defendant's particular crime of conviction. *Shepard v. United States*, 544 U.S. 13, 26 (2005); *United States v. Llanos-Agostadero*, 486 F.3d 1194, 1197 (11th Cir. 2007), *cert. denied*, 129 S. Ct. 902 (2009).

### The Aggravated Assault Convictions

Joe's aggravated assault convictions (see PSR ¶¶ 32, 34, 37, 42) are violent felonies under the ACCA. At the time of her convictions, the statute defined "aggravated assault" as an assault "(a) [w]ith a deadly weapon without intent to kill; or (b) [w]ith intent to commit a felony." Fla. Stat. § 784.021(1).

Prior to the decision in *Begay v. United States*, courts held that a conviction for such an offense was a "violent felony" for purposes of 18 U.S.C. § 924(e)(2)(B). *See United States v. Smith*, 2009 WL 1585903, Case No. 3:06cr26/MCR (N.D. Fla. Jun. 4, 2009) at *6; *United States v. Allen*, 2009 WL 857385, Case No. 03-0097-GC (S.D. Ala. Mar. 26, 2009) at *5. The elements of the Florida statute involve "the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). At least one court has held, post *Begay*, that a prior conviction under a similar prong of a state assault statute constitutes a "violent felony" under the ACCA. *United States v. Am*,

564 F.3d 25, 33-34 (1st Cir. 2009) (Massachusetts assault statute which criminalizes "an assault upon another" by "means of a dangerous weapon" contains "an element of the use, attempted use, or threatened use of physical force as required by ACCA"), *cert. denied*, 130 S. Ct. 1724 (2010).

The Eleventh Circuit, in *United States v. Palomino Garcia*, 606 F.3d 1317 (11th Cir. 2010)(citing U.S.S.G. § 2L1.2 cmt. n.1(B)(iii)) stated:

> . . . we have held that a felony conviction qualifies as a crime of violence under § 2L1.2 if either (1) the defendant was convicted of one of the enumerated offenses; or (2) the use, attempted use, or threatened use of physical force was an element of the offense. *United States v. Wilson*, 392 F.3d 1243, 1246 (11th Cir. 2004); *United States v. Fuentes-Rivera*, 323 F.3d 869, 871-72 (11th Cir. 2003).
>
> Here, the district court found that Mr. Palomino Garcia's aggravated assault conviction qualified as a crime of violence under either test: that is, it qualified because it was denominated as a conviction for "aggravated assault," which is an enumerated offense, and because the district court found that the use of physical force was an element of the offense.

606 F.3d at 1332.

The Eleventh Circuit accepted as its definition of "aggravated assault," for purposes of the classification of a state statute as a "crime of violence," a statutory definition of a generic state "aggravated assault" statute that includes a criminal assault accompanied by the aggravating factor of an intent to cause serious bodily injury or the use of a deadly weapon. *Palomino Garcia*, 606 F.3d at 1332. The use of a deadly weapon is the cornerstone of the Florida aggravated assault statute at issue here and that statute fits within the classification of a "violent felony" for purposes of statutory sentencing enhancement under 18 U.S.C. § 924(e).

The underlying facts of Joe's four prior convictions confirm that each was properly

determined to be a "violent felony." In 1978, Joe threatened to kill the victim and, following a brief scuffle, Joe and the victim ended up on the ground with Joe on top of the victim with her hands around the victim's neck. Joe picked up a metal pipe and threatened to hit the victim. PSR ¶ 32. In 1982, Joe threatened an employee of a department store with an ice pick and stated to the employee, "Don't come near or I'll cut your throat." PSR ¶ 34. In 1988, Joe threw a knife at the victim and then pointed a gun at the victim and fired; she subsequently attempted to influence the victim's testimony. PSR ¶ 37. In 1997, Joe and the victim were involved in an argument and Joe drove her car into the victim's car numerous times. PSR ¶ 42.

Joe did not contest or dispute any of her conduct at the time of her sentencing and is thus "deemed to have admitted those facts." *United States v. Bennett*, 472 F.3d 825, 832-34 (11th Cir. 2006) (Facts in PSR are considered undisputed unless defendant challenges those facts "with specificity and clarity."); *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) ("It is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes."), *cert. denied*, 550 U.S. 905 (2007).

### Counsel Was not Ineffective

A pro se litigant is entitled to liberal construction of her arguments. However, issues mentioned only superficially will not be treated as properly raised. *Walker v. Dugger*, 860 F.2d 1010, 1011 (11th Cir. 1988). The Court construes Joe's allegation to be that her counsel was ineffective for not arguing at sentencing that her prior violent felonies did not qualify as violent felonies for purposes of sentence enhancement pursuant to the ACCA.

To prevail on a claim of ineffective assistance of trial or appellate counsel, Joe must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

*Strickland*'s two-part test requires that Joe demonstrate counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* For the reasons stated above, Joe has not met either prong of the *Strickland* test.

Accordingly, the Court orders:

That Joe's 28 U.S.C. § 2255 motion to vacate (Doc. CV-1; CR-38) is denied. The Clerk is directed to enter judgment against Joe and to close this case

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of her motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, she is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on May 27, 2011.

                                            VIRGINIA M. HERNANDEZ COVINGTON
                                            UNITED STATES DISTRICT JUDGE

AUSA: Jeffrey S. Downing
Gwendolyn Joe