UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No.: 8:09-cr-293-T-33TGW

GWENDOLYN JOE

_____/

## ORDER

This cause is before the Court pursuant to Defendant Gwendolyn Joe's third pro se Motion for Compassionate Release (Doc. # 62), filed on December 11, 2020. For the reasons that follow, the Motion is denied.

## I.   Background

In 2010, Joe was convicted of being a felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (Doc. # 27). Joe was sentenced to 180 months of imprisonment followed by 60 months of supervised release. (Id.). Joe filed a motion seeking compassionate release on April 27, 2020, (Doc. # 55), which the Court denied without prejudice for failure to exhaust administrative remedies. (Doc. # 58). Joe again moved for compassionate release on June 25, 2020, (Doc. # 59), which the Court denied because Joe's "vague" references to age and chronic sickness were "insufficient to demonstrate

1

the sort of extraordinary and compelling circumstances necessary for this Court to grant relief under Section 3582(c)." (Doc. # 60 at 3).

Now, Joe has filed a third motion for compassionate release explaining that due to COVID-19 lockdowns, her medical records were "delayed getting to the court." (Doc. # 62). According to Joe, the Court's denial of her second motion came only two days after she was able to mail her medical records proving her illness. (Id.). Joe's medical records were received by the Court and filed on June 29, 2020. (Doc. # 61). Joe now requests the Court reconsider her motion for compassionate release in light of those records. (Doc. # 62). Because the facts of this case have not otherwise changed, the Court takes up Joe's motion without a response from the United States.

## II.  Discussion

Although Joe has now provided medical records indicating she suffers from diabetes, hypertension, thyroid issues, depression, and anxiety, she still has not sufficiently demonstrated that she has a serious medical condition that substantially diminishes her ability to care for herself in her facility. See USSG § 1B1.13, comment. (n.1); see also United States v. Frost, No. 3:18-cr-30132-RAL, 2020 WL

2

3869294, at *4-5 (D.S.D. July 9, 2020) (denying motion for compassionate release for a COVID-19-positive prisoner who had other medical conditions, including diabetes, severe coronary artery disease, and COPD, because his COVID-19 symptoms were not severe and there was no indication he could not provide self-care while in prison).

Additionally, neither the possibility of contracting COVID-19, nor her age of 64 years, warrant release. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); United States v. Ackerman, No. 11-740-KSM-1, 2020 WL 5017618, at *6 (E.D. Pa. Aug. 25, 2020) (noting that the designated at-risk age category for COVID-19 begins at 65 years old). Thus, Joe has still not shown an extraordinary and compelling reason that justifies compassionate release, and her Motion is denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Gwendolyn Joe's third pro se Motion for Compassionate Release (Doc. # 62) is **DENIED.**

3

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of January, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE